## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## at LONDON

**Civil Action No. 07-242-HRW**

**ELGIE JONES,**                                                    **PLAINTIFF,**

v.                         **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**                   **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a

final decision of the Defendant denying Plaintiff's application for disability insurance

benefits and supplemental security income benefits. The Court having reviewed the

record in this case and the dispositive motions filed by the parties, and being

otherwise sufficiently advised, for the reasons set forth herein, finds that the decision

of the Administrative Law Judge is supported by substantial evidence and should be

affirmed.

### II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for  disability insurance benefits and

supplemental security income benefits on July 18, 2001, alleging disability beginning

on July 15, 2000, due to back problems, arthritis in the hips, carpal tunnel syndrome,

stomach problems, poor vision, hearing problems and illiteracy.    This application

was denied initially and on reconsideration. After a hearing, an administrative law judge found Plaintiff was able to perform a wide range of work at the light exertional level and was, thus, not disabled. Plaintiff appealed and the United States District Court for the Eastern District of Kentucky remanded the matter for further consideration of Plaintiff's limitations and for the consideration of vocational expert testimony.

Plaintiff filed a subsequent application for SSI benefits on August 5, 2003. This application was also denied initially and upon reconsideration.

The two applications were ultimately consolidated. On December 21, 2004, an administrative hearing was conducted by Administrative Law Judge K. Dickson Grissom (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a

2

severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On February 23, 2005, the ALJ issued his decision finding that Plaintiff was not disabled. Plaintiff was 47 years old at the time of the hearing decision. He has a limited education and past relevant work experience includes work as a welder and truck driver.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 356).

The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative disc disease at L5-S1 status post fusion at L5-S1, hyperlipidemia and borderline intellectual functioning, which he found to be "severe" within the meaning of the Regulations (Tr. 356).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically

3

equal any of the listed impairments (Tr. 356).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 357) but determined that he has the  residual functional capacity ("RFC") to perform a significant range of light work with certain restrictions as set forth in the decision (Tr. 357).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 356).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on October 9, 2003 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

## III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a

4

conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff claims the ALJ erred in determining his RFC. First, Plaintiff contends that the ALJ erred in concluding that he could perform light work even though Dr. Magdy El-Kalliny opined that Plaintiff could only lift 15 pounds.

It seems as though Plaintiff misconstrues the RFC. The ALJ did not find that Plaintiff could perform the **full** range of light work. Rather, the ALJ set forth specific limitations within the range of light work, including a restriction which allows lifting 15 pounds occasionally and 10 pounds frequently (Tr. 352, 357). Indeed, the ALJ explicitly referred to the opinion of Dr. El-Kalliny in this regard. As

5

such, Plaintiff's contention has no merit.

Plaintiff also argues that the ALJ erred by not considering the report from Dr. Christa Muckenhausen, a consultative physician who examined Plaintiff on one occasion in May 2002 (Tr. 186-197).

Although the ALJ did not explicitly mention Dr. Muckenhausen's report, he clearly stated that he incorporated the summary of evidence from the July 2003 decision into his decision (Tr. 348).  The July 2003 decision contained a full discussion of Dr. Muckenhausen's evaluation (Tr. 17-18).  In that the decision, the report was assigned little weight as it was not tendered by a treating source, not well supported by clinical findings and inconsistent with the other medical evidence of record (Tr. 18).  Given that the ALJ explicitly incorporated the prior decision, it would appear that he was aware of this report and considered the same.

As for the contents of the report, Plaintiff emphasizes that Dr. Muckenhausen opined that Plaintiff could only stand for two hours and sit for two hours, thereby implying that this restriction should have been included in the RFC.

Again, Plaintiff seems to misunderstand the RFC.  The ALJ specifically included an at will sit/stand option which would accommodate Dr. Muckenhausen's opinion in this regard.

Plaintiff further argues that the ALJ ignored the postural limitations imposed

6

by Dr. Muckenhausen.

The ALJ is not bound by the opinions of a one-time examiner. The ALJ is, however, required to consider the medical evidence with the other evidence of record in determining the RFC. This determination is an administrative finding, not one delegated to a medical source.

Finally, Plaintiff asserts that the ALJ ignored the opinion of Barbara Belew, Ph.D., who conducted a psychological evaluation of Plaintiff in May 2002.

As noted above, the ALJ explicitly incorpoorated by reference the prior decision's discussion of the medical evidence, which included Dr. Belew's report. Moreover, contrary to Plaintiff's implication, the ALJ was not bound to accept Dr. Belew's opinion of extreme limitation, particularly where the record is devoid of evidence consistent with the same.

Having reviewed the record, the Court finds that the ALJ's RFC is supported by substantial evidence.

Plaintiff also alleges that the hypothetical to the VE was improper.

The hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible.

7

*Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence.   As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.   A judgment in favor of the Defendant will be entered contemporaneously herewith.

This _4_ day of January, 2008.

HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE